IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**ASHLEY SCOGGIN,**

    Plaintiff,

vs.

**HILL-ROM COMPANY, INC.,**

    Defendant.

Case No. 4:21-cv-830

(Removed from Circuit Court of St. Louis City, Missouri – 2122-CC00459)

## NOTICE OF REMOVAL

COMES NOW Defendant Hill-Rom Company, Inc. ("Hillrom" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and for its Notice of Removal, states as follows:

**I.    INTRODUCTION**

1. The above-entitled action, now pending in the Twenty-Second Judicial Circuit Court, St. Louis City, Missouri ("the State Court"), is a civil action alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Missouri Human Rights Act ("MHRA").

2. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, a certified copy of the State Court file is attached hereto as Exhibit A, and the Petition (the "Petition") is contained therein.

3. Plaintiff Ashley Scoggin ("Plaintiff") filed the Petition in State Court on March 4, 2021. The case, styled *Ashley Scoggin vs. Hill-Rom Company, Inc.* was assigned case number 2122-CC00459.

4. Plaintiff served Defendant with the Summons and Petition on June 9, 2021. Thus, this Notice of Removal is timely filed within the thirty (30) days permitted by 28 U.S.C. § 1446(b).

## II. JURISDICTION AND VENUE

5. The United States Supreme Court has held that, under 28 U.S.C. § 1446(a), defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 135 S. Ct. 547, 553 (2014). This language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* Thus, courts should apply "the same liberal rules [to removal allegations] that are applied to other matters of pleading," and the notice of removal "need not contain evidentiary submissions." *Id*. at 551.

6. Because the United States District Court for the Eastern District of Missouri, Eastern Division encompasses the Twenty-Second Judicial Circuit Court of St. Louis City, Missouri, this Court is the appropriate venue for removal. 28 U.S.C. §§ 105(a)(1), 1441(a) and 1446(a).

7. Removal is pursuant 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity jurisdiction).

## III. FEDERAL QUESTION

8. This Court possesses original jurisdiction over Plaintiff's Petition because Count II alleges violation of United States law. 28 U.S.C. § 1331. Specifically, Plaintiff alleges violations of Title VII. *See* Exhibit A, Plaintiff's Petition.

9. District Courts of the United States have jurisdiction over civil actions brought pursuant to Title VII. 42 U.S.C. § 2000, *et seq.*; 29 U.S.C. § 216(b); 46 U.S.C § 2114. Thus, Plaintiff's Title VII claim is within this Court's federal question jurisdiction. 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1331, an action within this Court's federal question jurisdiction is removable without regard to the citizenship or residence of the parties.

10. Additionally, pursuant to 28 U.S.C. §§ 1367(a) and 1441(c), this Court possesses supplemental jurisdiction over Count I of Plaintiff's Petition (alleging discrimination under the MHRA), because Plaintiff's state law causes of action relate to her employment and termination, as do her federal claims, such that all of Plaintiff's claims stem from the same case or controversy, pursuant to Article III of the United States Constitution. 28 U.S.C. § 1367(a); *see, e.g.*, *Williams v. City of Marston*, 857 F. Supp. 2d 852, 861-62 (E.D. Mo. 2012) (exercising supplemental jurisdiction over plaintiff's state law claims under the Missouri Human Rights Act, which the court determined were interrelated with her federal employment discrimination claims); *Chapman v. Washington Univ.*, No. 4:12-CV-1892 CAS, 2013 WL 618153, at **1-2 (E.D. Mo. Feb. 19, 2013) (exercising supplemental jurisdiction over plaintiff's claims under Missouri state overtime law when plaintiff also brought a FLSA claim).

## IV. DIVERSITY OF CITIZENSHIP

11. Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction over all actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and in which there is complete diversity of citizenship among the parties that have been properly joined. Here, the Court has jurisdiction over this matter on the basis of diversity jurisdiction.

### A. *Diversity of Citizenship*

12. Plaintiff, who is currently residing in Missouri, is a citizen of the State of Missouri. *See* Exhibit A, Petition, ¶ 4.

13. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated <u>and</u> of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added).

14. To determine a corporation's "principal place of business," courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's executives direct, control and coordinate the corporation's activities and administration. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

15. Defendant Hillrom is a corporation organized and incorporated under the laws of the State of Indiana, with its headquarters and principal place of business located in the State of Illinois. *See* Exhibit B, Declaration of Christina Andronache ("Andronache Decl."), at ¶¶ 2-3. Hillrom's top executives and decision makers are located in Chicago, Illinois, and the corporation's activities are directed out of Illinois. *Id.* at ¶ 4. At the time this action was commenced (and continuing to today), Hillrom's principal place of business under the "nerve center" test is Chicago, Illinois, where Hillrom has its headquarters. *Id.* Therefore, Defendant Hillrom is a citizen of the States of Indiana and Illinois for purposes of diversity jurisdiction.

16. In summary, Plaintiff is a citizen of Missouri and Defendant is not a citizen of Missouri and, accordingly, the parties are completely diverse. Because there is complete diversity of citizenship between Plaintiff and Defendant, the diversity of citizenship requirement is met.

      **B.**    *Amount in Controversy*

17. Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) also requires the amount in controversy, exclusive of interests and costs, to be in excess of $75,000.

18. Where removal is based on diversity of citizenship, the removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. The standard for determining whether the jurisdictional threshold has been satisfied is "whether a fact finder might legally conclude" that a plaintiff's damages exceed $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo.

2002), citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834-35 (8th Cir. 2003) (amount in controversy is the potential value of plaintiff's claims, not the amount pled or the actual verdict).

19. Plaintiff was employed by Defendant Hillrom for approximately 1 year and 4 months until the termination of her employment on March 27, 2020. *See* Exhibit B, Andronache Decl. ¶ 5. During her final full year of employment with Defendant Hillrom in 2019, Plaintiff earned $76,440.85 in wages. *Id.* at ¶ 6.

20. Here the amount in controversy requirement is satisfied. In all claims, Plaintiff does not demand a specific sum. Rather, she is seeking damages in the form of lost wages, benefits, compensatory damages, reasonable attorneys' fees and costs. *See* Exhibit A, Petition, and associated "WHEREFORE" clauses.

21. Lost wages are recoverable under Title VII and MHRA. As stated above, Plaintiff earned $76,440.85 during her last full year of employment. *See* Exhibit B, Andronache Decl. ¶ 6. Thus, Plaintiff's back pay from the date of her termination on March 27, 2020 to the date of the filing of her Petition would be approximately one (1) year of back pay, or $76,440.85. Additionally if the case does not proceed to trial until around September 2022 – just a year and a half from filing her Petition – Plaintiff could claim a total of approximately two (2) and a half years of lost wages, or approximately $191,102.13 ($76,440.85/yr. x 2.5 yrs.). Therefore, Plaintiff's claim for lost wages alone could easily exceed the $75,000 jurisdictional threshold.

22. In addition to compensatory damages, Plaintiff also seeks emotional distress damages, which are available under Title VII and the MHRA and further augment the value of her claims. *See Riffert v. Walgreen Co.*, No. 4:07-cv-1912-JCH, 2008 WL 495643, at *2 (E.D. Mo.

Feb. 20, 2008); *Kopp*, 280 F.3d at 885-86 (including emotional distress damages in amount in controversy calculation).

23. The combination of an unspecified amount of lost wages, compensatory and emotional distress damages under Title VII and the MHRA creates no question that the amount in controversy easily exceeds the jurisdictional minimum in this case.

24. Based on the foregoing standard, Defendant has met the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### III. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

25. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing today a Notice to the Circuit Clerk with the Clerk of the Twenty-Second Judicial Circuit Court of Missouri.

26. Pursuant to Local Rule 2.03, Defendant will file proof with this Court that the Notice to the Circuit Clerk was sent to the Clerk of the Twenty-Second Judicial Circuit Court of Missouri.

27. Pursuant to 28 U.S.C. § 1446(d), Defendant is mailing today a Notice to Plaintiff, stating that a Notice of Removal to the United States District Court for the Eastern District of Missouri was filed, and serving a copy of this Notice of Removal upon Plaintiff.

Respectfully submitted,

*/s/ Jennifer Chierek Znosko*
Jennifer Chierek Znosko #56842MO
jznosko@littler.com
Devon Elise Vincent #68813MO
dvincent@littler.com
LITTLER MENDELSON, P.C.
600 Washington Avenue
Suite 900
St. Louis, MO  63101
Telephone: 314.659.2000
Facsimile: 314.659.2099

*Attorneys for Defendant Hill-Rom Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic filing system and via email upon the following:

J. Clayton Schaeffer, #67444MO
clay@mcmichael-logan.com
Michelle K. Faron, #68058MO
michelle@mcmichael-logan.com
12166 Old Big Bend Rd., Suite 99
Kirkwood, MO 63122
(636) 532-1400 Office
(888) 823-1441 Facsimile

*Attorneys for Plaintiff*

*/s/ Jennifer Chierek Znosko*